IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STAFF INSPECTOR DEBRA FRAZIER** : | |
| : | No. 18-3121 |
| v. : | |
| : | |
| **CITY OF PHILADELPHIA d/b/a** : | |
| **PHILADELPHIA POLICE DEPARTMENT,** et al : | |

**JOINT RULE 26(f) MEMORANDUM**

In accordance with Federal Rule of Civil Procedure 26(f) and this Honorable Court's July 26, 2018 Scheduling Order, counsel for the parties conferred on July 31, 201, and submit the following report of their meeting for this Honorable Court's consideration:

**1.    DISCUSSION OF CLAIMS, DEFENSES, AND RELEVANT ISSUES**

   a.  **Plaintiff**

Plaintiff brings one claim under Title VII, alleging both retaliation and discrimination by her employer, the City of Philadelphia's Policy Department, for the alleged adverse action in failing to promote Plaintiff while Plaintiff was objectively in the second slot for promotion. In addition to discovery on Plaintiff's allegations concerning statements made by various agents of Defendant, as well as Defendant, Ross, Plaintiff will focus discovery on the decision-making behind Defendant, Ross initial decision not to promote anyone to chief inspector (while Plaintiff was objectively in the second slot for promotion) and then flipping that decision once the list expired, thereby promoting *two* males to the position of chief inspector.

    **b. Defendants**

Defendants deny that Inspector Frazier was not promoted in retaliation for her statements. Additionally, Plaintiff's assertion that she was in second slot on the relevant promotional list is incorrect; she was originally ranked sixth, and then, on a supplementary list, seventh. Moreover, Defendants assert that Plaintiff's claims are barred by the statute of limitations/exhaustion of remedies, as Defendants have no record of a charge of discrimination filed with the EEOC within 300 days of the date Plaintiff became aware that she would not be promoted, and Plaintiff has not alleged that such a charge was timely filed in her complaint. Defendants will file a motion to dismiss on these grounds.

**2.   INFORMAL DISCLOSURES**

    **a. Plaintiff**

Plaintiff served her initial disclosures on July 31, 2018, along with Plaintiff's initial discovery requests.

    **b. Defendants**

Defendants will serve their initial disclosures on August 6, 2018, along with their initial discovery requests.

**3.   FORMAL DISCOVERY**

The Parties respectfully request 150 days from the date of the Rule 16 Conference to complete Fact Discovery, i.e. the Parties request the fact discovery deadline to be on January 7, 2019 (as 150 days from the Rule 16 Conference would fall on a January 5, 2019, a Saturday). In addition to the written discovery, the Parties anticipate deposing Plaintiff, as well as several non-parties, whose availability will need to be coordinated.

**4.    ELECTRONIC DISCOVERY**

The parties do not anticipate conducting any electronic discovery. Should the need for electronic discovery arise, the parties agree to the standards set forth in the Court's default order regarding electronic discovery are appropriate.

**5.    EXPERT WITNESS DISCLOSURES**

The Parties suggest that all primary expert reports be exchanged on February 6, 2019 (thirty days following close of fact discovery); and any rebuttal expert reports by due by March 8, 2019 (sixty days following close of fact discovery).

**6.    EARLY SETTLEMENT OR RESOLUTION**

The parties are inclined to partake in mediation before this Honorable Court's Magistrate Judge following the close of fact discovery, in January 2019.

**7.    TRIAL DATE**

The parties propose that the Court schedule a trial date following disposition of dispositive Motion(s), which are expected to be filed, and for trial scheduling purposes request a date certain due to Plaintiff's Counsel's trial load.

**8.    OTHER ISSUES FOR THE COURT**

None at this time.

Respectfully Submitted

| | |
|---|---|
| **WEISBERG LAW** | **CITY OF PHILADELPHA LAW DEPT.** |
| */s/ Matthew B. Weisberg* | */s/ Christopher H. Rider* |
| Matthew B. Weisberg, Esq. | Christopher H. Rider |
| L. Anthony DiJiacomo, III, Esq. | *Attorney for Defendants* |
| *Attorneys for Plaintiff* | |