**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No.: 85570
L. Anthony DiJiacomo, III
Attorney Id. No.: 321356
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**
Gary Schafkopf
Attorney Id. No.: 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334

**MILDENBERG LAW FIRM**
Brian R. Mildenberg
Attorney Id. No.: 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103

*Attorneys for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| STAFF INSPECTOR DEBRA FRAZIER : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO.: 18-3121 |
| : | |
| **CITY OF PHILADELPHIA d/b/a** : | HON. TIMOTHY J. SAVAGE |
| **THE PHILADELPHIA POLICE DEPT.** : | |
| : | |
| And : | |
| : | |
| **COMMISSIONER RICHARD ROSS JR.** : | |
| Individually and in his official capacity as : | |
| Commissioner for the Philadelphia : | |
| Police Department : | |
| : | |
| Defendants. : | |

## FIRST AMENDED
## CIVIL ACTION COMPLAINT

## I.    JURISDICTION & VENUE

1.    Jurisdiction in this Honorable Court is based on a violation of the United States Constitution, Amendment I, and federal law actionable through 42 U.S.C. §1983, et seq., as conferred by 28 U.S.C. § 1331.

2.    Venue is proper in the in this District as occurrences that give rise to the cause of action took place within this District.

## II.    PARTIES

3.    Plaintiff, Debra Frazier, is an adult individual and citizen of the Commonwealth of Pennsylvania. Plaintiff holds the rank of Staff Inspector in the employ of Defendant, City of Philadelphia doing business as the Philadelphia Police Department and was assigned to the Narcotics Bureau. Plaintiff can be served in care of her undersigned counsel.

4.    Defendant, City of Philadelphia doing business as The Philadelphia Police Department, is a municipality, duly organized and existing under the laws of the Commonwealth of Pennsylvania.

5.    Defendant, Richard Ross Jr., is an adult individual and, upon information and belief, a citizen of the Commonwealth of Pennsylvania. Defendant, Ross holds the rank of Commissioner in the employ of Defendant, City of Philadelphia doing business as the Philadelphia Police Department. Defendant, Ross is named in his individual and official capacity.

## III.    OPERATIVE FACTS

6.    At all times relevant here to, Plaintiff has held the rank of Staff Inspector of the Narcotics Bureau.

## UNDERLYING SPEECH

7.      In 2011, Plaintiff filed a claim with the Pennsylvania Human Relations Commission against her employer, Defendant, City of Philadelphia doing business as The Philadelphia Police Department ("City" or "Police Department") regarding sexual harassment.

8.      Pursuant to the aforementioned claim, Defendant, Ross – standing in the place of then Commission Charles Ramsey as the Police Department Representative – was the subject of a deposition by Plaintiff's then-counsel.

9.      During the course of the deposition, Defendant, Ross falsely testified that Plaintiff had never worked in the employ of the Police Department as a Captain.

10.     Following this false testimony, Plaintiff's then-counsel embarrassed and undermined the credibility of Defendant, Ross through demonstrating not only that Plaintiff had been employed as the Police Captain in the 14th District, but also that Defendant, Ross had personally given Plaintiff various assignments as the Police Captain.

11.     Upon information and belief, Defendant, Ross held a grudge against Plaintiff, due to this embarrassing incident that occurred as a result of Plaintiff filing her Pennsylvania Human Relations Commission complaint, and later precluded Plaintiff from being promoted to Chief Inspector.

## RETALIATION

12.     In May 2014, Plaintiff took the civil service exam in order to qualify for a promotion to Chief Inspector.

13.     As a result of Plaintiff's performance, the Chief Inspector Promotion List was published with Plaintiff initially being ranked as Number 6.

14.     However, following publication of the list, four candidates (all ahead of Plaintiff) were removed from contention for various reasons, resulting in Plaintiff being ranked as Number 2.

15.     At all material times, Defendant, Ross had the ability promote from the published list for two years.

16.     In fact, in late 2015, Defendant, Ross informed Non-Party, Roosevelt Poplar, the Vice Present of the Fraternal Order of Police, that Defendant, Ross intended to promote all ranks, including Chief Inspector, from the May 2014 list. Specifically, Defendant, Ross informed Non-Party, Poplar that Ross intended to promote the top two ranked individuals on the Chief Inspector list.

17.     Thereafter, Non-Party, Poplar informed Plaintiff of Defendant, Ross' intent to promote the top two candidates from Chief Inspector list (which by default, was the May 2014 list).

18.     As Plaintiff was one of the two top candidates on the May 2014 Chief Inspector list, Plaintiff believed she was to be promoted.

19.     However, prior to the making the public announcement of the promotions, Defendant, Ross contacted Plaintiff and advised her that Defendant, Ross would not be promoting anyone to the position of Chief Inspector, stating in part, "You will get over it."

20.     Thereafter, Defendant, Ross promoted every position except those who would obtain Chief Inspector.

21.     Shortly after the expiration of the May 2014 Chief Inspector list, Defendant, Ross promoted two individuals to the rank of Chief Inspector.

22.     It is believed and thus averred that Plaintiff was denied the promotion in retaliation for her prior Pennsylvania Human Relations Commission complaint concerning sexual harassment

and/or the embarrassment caused to Defendant, Ross stemming from the aforementioned complaint.

IV.     COUNTS OF ACTION

## COUNT I
### First Amendment Violation
### *Actionable through 42 U.S.C. §1983, et seq.*

23.     Plaintiff incorporates the foregoing paragraphs as if set forth at length herein.

24.     At all material times, Plaintiff was one of two most qualified individuals for the two new positions of Chief Inspector.

25.     Despite being one of two most qualified individuals for the two new positions of Chief Inspector, Defendants denied Plaintiff the position of Chief Inspector.

26.     Plaintiff was denied the position of Chief Inspector in retaliation for her Pennsylvania Human Relations Commission complaint concerning sexual harassment.

27.     Plaintiff's actions in filing her Pennsylvania Human Relations Commission complaint is protected speech that is outside of the workplace and not part of Plaintiff's employment duties.

28.     Plaintiff's actions in filing her Pennsylvania Human Relations Commission complaint was the sole, substantial, and/or motivating factor for adverse employment actions; i.e. Plaintiff would have been promoted to the position of Chief Inspector but for Plaintiff's action in filing her Pennsylvania Human Relations Commission complaint.

29.     Defendants caused Plaintiff to suffer in violation of the First Amendment of the United States Constitution and federal law, actionable through 42 U.S.C. §1983, et seq..

30.     Plaintiff suffered harm due to Defendants' conduct, including the loss of an increase in Plaintiff's compensation and benefits.

## V.     PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests this Honorable Court enter judgment in her favor and against Defendants, individually, jointly and/or severally, in an amount in excess of $50,000.00 plus such other and further relief as this Honorable Court deems necessary and just, and to Order the following relief:

    a.      Statutory damages;

    b.      Punitive damages;

    c.      Compensatory damages, including actual damages for financial and physical injuries, and emotional distress;

    d.      Attorneys' fees and expenses, costs of suit, and equitable relief;

    e.      Promotion of Plaintiff to the rank of Chief Inspector.

Respectfully Submitted,

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esq.
L. Anthony DiJiacomo, III, Esq.

**MILDENBERG LAW FIRM**

/s/ Brian R. Mildenberg
Brian R. Mildenberg, Esq.

*Attorneys for Plaintiff*

Dated: August 7, 2018

**SCHAFKOPF LAW**

/s/ Gary Schafkopf
Gary Schafkopf, Esq.

**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No.: 85570
L. Anthony DiJiacomo, III
Attorney Id. No.: 321356
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**
Gary Schafkopf
Attorney Id. No.: 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334

**MILDENBERG LAW FIRM**
Brian R. Mildenberg
Attorney Id. No.: 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103

*Attorneys for Plaintiff*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **STAFF INSPECTOR DEBRA FRAZIER** : | |
| : | |
| Plaintiff, : | |
| : | |
| v. : | CIVIL ACTION NO.: 18-3121 |
| : | |
| **CITY OF PHILADELPHIA d/b/a** : | HON. TIMOTHY J. SAVAGE |
| **THE PHILADELPHIA POLICE DEPT.** : | |
| : | |
| And : | |
| : | |
| **COMMISSIONER RICHARD ROSS JR.** : | |
| Individually and in his official capacity as : | |
| Commissioner for the Philadelphia : | |
| Police Department : | |
| : | |
| Defendants. : | |

## CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 7th day of August, 2018, a

true and correct copy of the Plaintiff's First Amended Complaint was served via ECF upon the

all counsel of record.

Respectfully Submitted,

**WEISBERG LAW**

/s/ Matthew B. Weisberg
Matthew B. Weisberg, Esq.
L. Anthony DiJiacomo, III, Esq.
*Attorneys for Plaintiff*