## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DEBRA FRAZIER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-3121 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of Defendants City of Philadelphia and Commissioner Richard Ross, Jr.'s Motion to Dismiss, and any response thereto, it is hereby **ORDERED** that the Motion is **GRANTED**. Plaintiff's claims are dismissed with prejudice.

BY THE COURT:

_____
**Timothy J. Savage**, J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA FRAZIER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-3121 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## DEFENDANTS CITY OF PHILADELPHIA AND COMMISSIONER RICHARD ROSS, JR.'S SECOND MOTION TO DISMISS FOR FAILURE TO STATE A <u>CLAIM</u>

Defendants City of Philadelphia and Commissioner Richard Ross, Jr., file

this Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. Pro. 12(b)(6),

seeking that this Court dismiss the claims against them on the grounds described in

the supporting memorandum of law.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: <u>September 11, 2018</u>      BY:  <u>  s/ Christopher H. Rider  </u>
                                           Christopher H. Rider
                                           Divisional Deputy City Solicitor

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---

| | | |
|---|---|---|
| DEBRA FRAZIER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-3121 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

---

## DEFENDANTS CITY OF PHILADELPHIA AND COMMISSIONER RICHARD ROSS, JR.' MEMORANDUM OF LAW IN SUPPORT OF THEIR SECOND MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants City of Philadelphia and Commissioner Richard Ross, Jr., submit this Memorandum of Law in support of their Second Motion to Dismiss for Failure to State a Claim under Fed. R. Civ. P. 12(b)(6).  Plaintiff's First Amendment claims should be dismissed because Plaintiff has failed to allege facts from which a plausible inference can be drawn that her protected activity was a substantial factor in the Commissioner Ross' alleged refusal to promote her in 2016.

### I.    FACTUAL SUMMARY[1]

Plaintiff Debra Frazier is a staff inspector with the City of Philadelphia Police Department who, in 2011, filed a sexual harassment lawsuit against the City

---

[1] For the purposes of this Motion to Dismiss, Defendant accepts the facts as pled by Plaintiff as true.

of Philadelphia, in which Commissioner Ross was deposed in an allegedly embarrassing manner.  Id. ¶¶ 6-11.

Plaintiff later took the 2014 chief police inspector promotional examination and was ranked sixth on the resulting list of candidates eligible for promotion.  Id. ¶¶ 12-13.  Plaintiff has alleged that, after the City published the list, four candidates were removed from the list, leaving her ranked second.  Id. ¶¶ 14. Plaintiff has also alleged that, in late 2015, a Fraternal Order of Police official told her that Commissioner Ross had told that official that he intended to promote the top two ranked individuals on the list to chief inspector, which Plaintiff understood to mean that she would be promoted.  Id. ¶¶ 16-18.  Commissioner Ross allegedly changed his mind and did not promote any other candidates to chief inspector from the 2014 eligible list.  Id. ¶¶ 19-20.  The 2014 eligible list expired in the spring of 2016; once the City established a new list, Commissioner Ross promoted two individuals to chief inspector.  Id. ¶ 21.

According to Plaintiff, Defendants violated Plaintiff's First Amendment rights when Commissioner Ross refused to promote her (and at least one other individual) from the 2014 list due to her prior lawsuit.  Id. ¶ 22.

## II.   <u>STANDARD OF REVIEW</u>

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  In deciding a motion to dismiss, a court must determine whether the complaint "pleads factual content that allows the court

to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 556 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id.

"The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." Id. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Further, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 679.

## I.   ARGUMENT

### A. PLAINTIFF'S FIRST AMENDMENT CLAIM FAILS BECAUSE SHE HAS FAILED TO ALLEGE FACTS FROM WHICH A PLAUSIBLE INFERENCE MAY BE DRAWN THAT HER PROTECTED ACTIVITY WAS A SUBSTANTIAL FACTOR IN THE CITY'S REFUSAL TO PROMOTE HER.

Plaintiff has not pled adequate facts from which this Court may infer that Commissioner Ross' decision not to promote her was causally connected to her protected activity, as the temporal gap between any protected activity and any alleged retaliation is too great to support an inference of causation, and Plaintiff's own allegations show that she believes it was Commissioner Ross' embarrassment

at his performance during a deposition in this matter that caused his animus towards Plaintiff, not the content of her speech.

      To successfully pursue a First Amendment retaliation claim, public employee plaintiffs must prove that their activity was protected by the First Amendment, and that the protected activity was a substantial factor in any alleged retaliatory action. Kovac v. Pennsylvania Turnpike Com'n, 444 Fed. Appx. 588, 590 (3d Cir. 2011) (citing Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006)).  A causal link between the protected activity and the allegedly-retaliatory action may be proven by either "(1) an unusually suggestive temporal proximity between the protected activity and the alleged retaliatory action, or (2) a pattern of antagonism coupled with timing to establish a causal link," or (3) "from the 'evidence gleaned from the record as a whole.'"  Lauren W. v. DeFlaminis, 480 F.3d 259, 267 (3d Cir. 2007).  "To be probative of causation, 'the timing of the alleged retaliatory action must be unusually suggestive of retaliatory motive before a causal link will be inferred.'"  Cucci v. Kagel, No. 17-1597, 2018 WL 3752880, at *3 (E.D.Pa. Aug. 8, 2018) (quoting Thomas v. Town of Hammonton, 351 F.3d 108, 114 (3d Cir. 2003)).  "Passage of nearly six weeks between" protected activity and retaliatory action "is not unusually suggestive of retaliatory motive."  Cucci at *3; see also Thomas, 351 F.3d at 114 (finding temporal proximity not unduly suggestive when three weeks elapsed between protected activity and retaliatory action); Price v. City of Philadelphia, 239 F.Supp. 3d 876, 890 (a sixteen-month gap between protected activity and retaliatory action is not unusually suggestive).

First, to the extent Plaintiff is arguing that Commissioner Ross refused to promote her because she filed a lawsuit in 2011, Plaintiff has failed to adequately plead a causal connection between that lawsuit and the alleged retaliation. According to Plaintiff, there was a 4 or 5-year gap between when she filed her lawsuit and any retaliation.  Although Plaintiff could bridge that gap with evidence of an intervening pattern of antagonism, or some other probative evidence of causation, she has failed to do so.  Accordingly, Plaintiff has failed to adequately plead a causal connection between her lawsuit and Commissioner Ross' refusal to promote her.

Second, Plaintiff alleges that the reason Commissioner Ross refused to promote her was because he was embarrassed during a deposition for her 2011 lawsuit.  Am. Compl. ¶ 11.  Needless to say, this allegation belies Plaintiff's argument that there was a causal connection between her protected activity and any retaliation; according to Plaintiff herself, Commissioner Ross "held a grudge against Plaintiff" because of an embarrassing incident that occurred during her lawsuit, not the lawsuit itself, or any other protected activity.

Accordingly, because Plaintiff has failed to provide evidence from which this Court may draw a reasonable inference of causation between her protected activity and any retaliatory action, this Court should dismiss her First Amendment retaliation claims against the City and Commissioner Ross.

## VI.  <u>CONCLUSION</u>

Defendants City of Philadelphia and Commissioner Richard Ross, Jr. respectfully request that this Honorable Court grant this Motion and dismiss Plaintiff's claims with prejudice.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date:  <u>September 11, 2018</u>                BY:   <u>s/ Christopher H. Rider</u>
Christopher H. Rider
Divisional Deputy City Solicitor
Pa. Attorney ID No. 307265
City of Philadelphia Law Dept.
1515 Arch St., 16th Fl.
Philadelphia, PA 19102
(215) 683-5082
christopher.rider@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEBRA FRAZIER,** | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil Action No. 18-3121 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| | : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, the foregoing Motion to Dismiss and Memorandum of Law has been filed electronically and is available for viewing and downloading.

Respectfully Submitted,

CITY OF PHILADELPHIA
LAW DEPARTMENT

Date: September 11, 2018          BY:    s/ Christopher H. Rider
                                  Christopher H. Rider
                                  Divisional Deputy City Solicitor