# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STAFF INSPECTOR DEBRA FRAZIER** : | | |
| : | | |
| v. | : | CIVIL ACTION NO.: 18-3121 |
| : | | |
| **CITY OF PHILADELPHIA d/b/a** | : | HON. TIMOTHY J. SAVAGE |
| **THE PHILADELPHIA POLICE DEPT.**, : | | |
| et al. | : | |

## ORDER

**AND NOW**, this _____ day of _____, 2018, upon consideration of Defendants, City of Philadelphia and Commissioner Richard Ross, Jr.'s Motion to Dismiss Plaintiff's First Amended Complaint, and Plaintiff, Debra Frazier's Response in Opposition thereto, it is hereby **ORDERED** and **DECREED** that Defendants' Motion to Dismiss is **DENIED**.

It is further **ORDERED** and **DECREED** that Defendants, City of Philadelphia and Commissioner Richard Ross, Jr. shall file an Answer within twenty (20) days of the date of this Order.

BY THE COURT:

_____
Hon. Timothy J. Savage, U.S.D.J.

**WEISBERG LAW**
Matthew B. Weisberg
Attorney Id. No.: 85570
L. Anthony DiJiacomo, III
Attorney Id. No.: 321356
7 South Morton Ave. 19070
Morton, PA
610-690-0801
Fax: 610-690-0880

**SCHAFKOPF LAW, LLC**
Gary Schafkopf
Attorney Id. No.: 83362
11 Bala Ave
Bala Cynwyd, PA 19004
610-664-5200 Ext 104
Fax: 888-238-1334

**MILDENBERG LAW FIRM**
Brian R. Mildenberg
Attorney Id. No.: 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103                        *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **STAFF INSPECTOR DEBRA FRAZIER** : | |
| v. : | CIVIL ACTION NO.: 18-3121 |
| **CITY OF PHILADELPHIA d/b/a** : | HON. TIMOTHY J. SAVAGE |
| **THE PHILADELPHIA POLICE DEPT.**, : | |
| et al. : | |

**PLAINTIFF, DEBRA FRAZIER'S RESPONSE IN OPPOSITION TO**
**DEFENDANTS' MOTION TO DISMISS**
**PLAINTIFF'S FIRST AMENDED COMPLAINT**

Incorporating by reference Plaintiff's attached Memorandum of Law, Plaintiff, Debra Frazier, by and through her undersigned counsel, respectfully requests this Honorable Court deny Defendants, City of Philadelphia and Commissioner Richard Ross, Jr.'s Motion to Dismiss Plaintiff's First Amended Complaint, or, in the alternative, grant Plaintiff leave to amend her complaint.

**WHEREFORE**, Plaintiff, Debra Frazier, respectfully requests this Honorable Court enter the attached Order denying Defendants, City of Philadelphia and Commissioner Richard Ross, Jr.'s Motion to Dismiss Plaintiff's First Amended Complaint.

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| */s/ Matthew B. Weisberg* <br> Matthew B. Weisberg, Esquire <br> L. Anthony DiJiacomo, III, Esquire | */s/ Gary Schafkopf* <br> Gary Schafkopf, Esquire |
| **MILDENBERG LAW FIRM** | |
| */s/ Brian R. Mildenberg* <br> Brian R. Mildenberg, Esquire | *Attorneys for Plaintiff* |

| | |
|---|---|
| **WEISBERG LAW** | **SCHAFKOPF LAW, LLC** |
| Matthew B. Weisberg | Gary Schafkopf |
| Attorney Id. No.: 85570 | Attorney Id. No.: 83362 |
| L. Anthony DiJiacomo, III | 11 Bala Ave |
| Attorney Id. No.: 321356 | Bala Cynwyd, PA 19004 |
| 7 South Morton Ave. 19070 | 610-664-5200 Ext 104 |
| Morton, PA | Fax: 888-238-1334 |
| 610-690-0801 | |
| Fax: 610-690-0880 | |

**MILDENBERG LAW FIRM**
Brian R. Mildenberg
Attorney Id. No.: 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103               *Attorneys for Plaintiff*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STAFF INSPECTOR DEBRA FRAZIER** | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 18-3121 |
| | : | |
| **CITY OF PHILADELPHIA d/b/a** | : | HON. TIMOTHY J. SAVAGE |
| **THE PHILADELPHIA POLICE DEPT.,** | : | |
| et al. | : | |

**PLAINTIFF, DEBRA FRAZIER'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Plaintiff, Debra Frazier, by and through her undersigned attorneys, hereby provides her Memorandum of Law in Support of her Response in Opposition to Defendants, City of Philadelphia and Commissioner Richard Ross, Jr.'s Motion to Dismiss Plaintiff's First Amended Complaint ("Pl. Oper. Compl.") as follows:

I. **OPERATIVE FACTS**

At all times relevant here to, Plaintiff has held the rank of Staff Inspector of the Narcotics Bureau. *See* Pl. Oper. Compl., ¶ 6.

**UNDERLYING SPEECH**

In 2011, Plaintiff filed a claim with the Pennsylvania Human Relations Commission ("PHRC") against her employer, Defendant, City of Philadelphia doing business as The Philadelphia Police Department ("City" or "Police Department") regarding sexual harassment. *See* Pl. Oper. Compl., ¶ 7.

Pursuant to the aforementioned claim, Defendant, Ross – standing in the place of then Commission Charles Ramsey as the Police Department Representative – was the subject of a deposition by Plaintiff's then-counsel. *See* Pl. Oper. Compl., ¶ 8. During the course of the deposition, Defendant, Ross falsely testified that Plaintiff had never worked in the employ of the Police Department as a Captain. *See* Pl. Oper. Compl., ¶ 9. Following this false testimony, Plaintiff's then-counsel embarrassed and undermined the credibility of Defendant, Ross through demonstrating not only that Plaintiff had been employed as the Police Captain in the 14th District, but also that Defendant, Ross had personally given Plaintiff various assignments as the Police Captain. *See* Pl. Oper. Compl., ¶ 10.

Upon information and belief, Defendant, Ross held a grudge against Plaintiff, due to this embarrassing incident that occurred as a result of Plaintiff filing her Pennsylvania Human Relations Commission complaint, and later precluded Plaintiff from being promoted to Chief Inspector. *See* Pl. Oper. Compl., ¶ 11.

## RETALIATION

In May 2014, Plaintiff took the civil service exam in order to qualify for a promotion to Chief Inspector. *See* Pl. Oper. Compl., ¶ 12. As a result of Plaintiff's performance, the Chief Inspector Promotion List was published with Plaintiff initially being ranked as Number 6. *See* Pl. Oper. Compl., ¶ 13. However, following publication of the list, four candidates (all ahead of Plaintiff) were removed from contention for various reasons, resulting in Plaintiff being ranked as Number 2. *See* Pl. Oper. Compl., ¶ 14.

At all material times, Defendant, Ross had the ability promote from the published list for two years. *See* Pl. Oper. Compl., ¶ 15. In fact, in late 2015, Defendant, Ross informed Non-Party, Roosevelt Poplar, the Vice Present of the Fraternal Order of Police, that Defendant, Ross intended to promote all ranks, including Chief Inspector, from the May 2014 list. *See* Pl. Oper. Compl., ¶ 16. Specifically, Defendant, Ross informed Non-Party, Poplar that Ross intended to promote the top two ranked individuals on the Chief Inspector list. *See* Pl. Oper. Compl., ¶ 16. Thereafter, Non-Party, Poplar informed Plaintiff of Defendant, Ross' intent to promote the top two candidates from Chief Inspector list (which by default, was the May 2014 list). *See* Pl. Oper. Compl., ¶ 17. As Plaintiff was one of the two top candidates on the May 2014 Chief Inspector list, Plaintiff believed she was to be promoted. *See* Pl. Oper. Compl., ¶ 18.

However, prior to the making the public announcement of the promotions, Defendant, Ross contacted Plaintiff and advised her that Defendant, Ross would not be promoting anyone to the position of Chief Inspector, stating in part, "You will get over it." *See* Pl. Oper. Compl., ¶ 19. Thereafter, Defendant, Ross promoted every position except those who would obtain Chief Inspector. *See* Pl. Oper. Compl., ¶ 20.

Shortly after the expiration of the May 2014 Chief Inspector list, Defendant, Ross promoted two individuals to the rank of Chief Inspector. *See* Pl. Oper. Compl., ¶ 21. It is believed and thus averred that Plaintiff was denied the promotion in retaliation for her prior Pennsylvania Human Relations Commission complaint concerning sexual harassment and/or the embarrassment caused to Defendant, Ross stemming from the aforementioned complaint. *See* Pl. Oper. Compl., ¶ 22.

Plaintiff was one of two most qualified individuals for the two new positions of Chief Inspector. *See* Pl. Oper. Compl., ¶ 24. Despite being one of two most qualified individuals for the two new positions of Chief Inspector, Defendants denied Plaintiff the position of Chief Inspector. *See* Pl. Oper. Compl., ¶ 25.

Plaintiff was denied the position of Chief Inspector in retaliation for her Pennsylvania Human Relations Commission complaint concerning sexual harassment. *See* Pl. Oper. Compl., ¶ 26. Plaintiff's actions in filing her Pennsylvania Human Relations Commission complaint is protected speech that is outside of the workplace and not part of Plaintiff's employment duties. *See* Pl. Oper. Compl., ¶ 27.  Plaintiff's actions in filing her Pennsylvania Human Relations Commission complaint was the sole, substantial, and/or motivating factor for adverse employment actions; i.e. Plaintiff would have been promoted to the position of Chief Inspector *but for* Plaintiff's action in filing her Pennsylvania Human Relations Commission complaint. *See* Pl. Oper. Compl., ¶ 28.

Defendants caused Plaintiff to suffer in violation of the First Amendment of the United States Constitution and federal law, actionable through 42 U.S.C. §1983, et seq.. *See* Pl. Oper. Compl., ¶ 29. Plaintiff suffered harm due to Defendants' conduct, including the loss of an increase in Plaintiff's compensation and benefits. *See* Pl. Oper. Compl., ¶ 30.

**II.     STANDARD**

      **A.     MOTION TO DISMISS:  *FOWLER* RE *TWOMBLY* AND *IQBAL*[1]**

**Reversing** the District Court's 12(b)(6) dismissal upon claims of insufficient specificity, the Third Circuit held the United State Supreme Court in *Twombly* and *Iqbal* (in accord with *Phillips*) merely requires that the Complaint "set out 'sufficient factual matter' to show that the claim is sufficiently plausible… [allowing] the reasonable inference that the defendant is liable for the misconduct alleged."  *Fowler v. UPML Shadyside* - - F. 3d - -, 2009 WL 2501662 (C.A.3 (Pa) 2009) (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1955 (2009)); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Phillips v. County of Allegheny*, 515 F.3d 224, 230 (C.A.3 2008).

*Fowler* reiterated the appropriate Motion to Dismiss standard, as elucidated in *Phillips*, remaining: "courts [must] accept all factual allegations as true, construe the Complaint in the light most favorable to the plaintiff, and determine whether, under **any** reasonable reading of the Complaint, the plaintiff *may* be entitled to relief."  *Fowler*, supra (quoting *Phillips*, at 233) (emphasis added).  "Although Fowler's Complaint is not as rich with detail as some might prefer, it need only set forth sufficient facts to support plausible claims."[2]  *Fowler* (citing *Twombly*, at 564, n.8).

---

[1] *See generally*, "Simplified Pleading, Meaningful Days in Court, and Trials On The Merits:  Reflections On The Deformation of Federal Procedure," *New York University Law Review*, Vol. 88, p. 286 (April 2013).

    [2] Mr. Sharp:    It's a conclusory fact.

    Justice Breyer:  Well, it's a fact.  They sat in their view --

    Mr. Sharp:    It's a conclusion.

    Justice Breyer:  All right.  I don't know what a conclusory fact is as opposed to a regular fact.

*Dart Cherokee Basin Operating Co. v. Owens*, 13-719 (S.Ct. October 7, 2014) (excerpt from transcript of oral argument).

"Even post-*Twombly*, it has been noted that a plaintiff is **not required** to establish the elements of a *prima facie* case but instead, need only put forth allegations that 'raise a reasonable expectation *that discovery will reveal evidence of the necessary element*.'"  *Fowler*, supra; (quoting *Graff v. Subbiah Cardiology Associates, Ltd.*, 2008 WL 231 2671 (W.D. Pa. 2008) *Phillips*, at 234.  Thus, courts should not dismiss a complaint for failure to state a claim if it "contain[s] either direct or inferential allegations respecting all the material elements necessary to sustain recovery under some viable legal theory." M*ontville Twp. v. Woodmont Builders LLC*, No. 05-4888, 2007 WL 2261567, at *2 (3d Cir. 2007) (quoting *Twombly*, at 1969).  In fact, a Plaintiff need not plead any causes of action (merely facts with request for relief).  *See* 2 James Wm. Moore et al., *Moore's Federal Practice* P 8.04[3].

"Under the Federal Rules of Civil Procedure, an evidentiary standard is not a proper measure of whether a complaint fails to state a claim." *Fowler*, supra  "…[S]tandards of pleadings are not the same as standards of proof."  Id.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts alleged is improbable and that a recovery is very remote and unlikely."  Id. (quoting *Twombly*, at 556).

### B.   AMENDED PLEADING

A plaintiff should be provided an opportunity amend her complaint if it appears that the deficiencies can be corrected.  *Twombly*, supra.; *See,* 2A J. Moore, *Moore's Federal Practice* ¶12.07 [2.-5], P.12-99 (2d ed. 1994); *accord*, *In re Spree.com Corp.*, 2001 WL 1518242 (Bankr. E.D. Pa. 2001).  Under this liberal pleading standard, courts should generally grant plaintiffs leave to amend their claims before dismissing a complaint that is merely deficient. See *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002); *Shane v. Fauver*, 213 F.3d 113, 116-17 (3d Cir. 2000).

The Court should freely give leave to amend a Complaint "when justice so requires." FRCP 15(a)(2); *Fowler*, supra. ("we note that the District Court <u>inexplicably</u> foreclosed Fowler from an opportunity to amend her Complaint so as to provide further specifics…" Though the deadline for amended pleadings had not yet expired, the District Court dismissed Fowler's Complaint with prejudice **in error**) (emphasis added).  The Court should grant Plaintiffs leave to amend their Complaint unless futile or prejudicial, ***even if not requested***. *Adams v Gould, Inc.*, 739 F.2d 858, 868-870 (C.A.3 1984) (reversing district court denial of motion to amend a complaint to assert a new legal theory); *Arthur V. Maersk, Inc.*, 434 F.3d 196, 204-2017 (C.A.3 2006) (reversing district court denial of motion to amend to add a new party approximately one year after initiation); *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1414 (C.A.3 1993) (finding no prejudice three years after action and two years after complaint was amended for second time); *Estate of Frank P. Lagano v. Bergen County Prosecutor's Office*, No. 13-3232 (C.A.3. 2014) (citing <u>Alston v. Parker</u>, 363 F.3d 229, 235 (C.A.3 2004)) (reversing a district court for not *sua sponte* granting leave to amend).

"Prejudice" is often used as a misnomer – *prejudice* is not defined by the requirement of ongoing litigation or defense but instead results from an inability to defend. *Lorenz*, *supra*. "Futility" invokes the 12(b)(6) standard upon the district court's notice of the complaint's deficiencies.  *Davis v. Abington Memorial Hospital*, 765 F.3d 236, 244-245 (C.A.3 2014) (citing *Krantz v. Prudential Investments Fund Management, LLC*, 144 F.3d 140, 144 (C.A.3 2002).

### C.     CONCLUSION:  STANDARD

When applying the correct standard, Plaintiff's Operative Complaint sufficiently states facts supporting a claim for First Amendment Violation against Defendants and Defendants'

Motion should be denied. In the alternative, Plaintiff should be granted leave to amend as this Honorable Court is, respectfully, directed to allow.

### III. ARGUMENT

#### A. PLAINTIFF APPROPRIATEY PLED SUFFICIENT FACTS SUPPORTING A CLAIM FOR FIRST AMENDMENT RETALIATION UNDER SECTION 1983.

Plaintiff, Debra Frazier, appropriately pled sufficient facts supporting a claim for First Amendment Retaliation under Section 1983. *See generally* Plain. Op. Compl.; *see also Reilly v. City of Atlantic City,* 532 F.3d 216, 226 (3d Cir. 2008) (citing *Garcetti v. Ceballos,* 547 U.S. 410, 413 (2006)). To state a claim for First Amendment Retaliation under Section 1983, a plaintiff must plead sufficient factual matter, when construed in the light most favorable to the plaintiff, that: (1) she engaged in speech or activity afforded protection under the First Amendment; (2) she suffered adverse action sufficient to deter a person of ordinary firmness from exercising their constitutional rights, and (3) a causal link between the protected conduct and the adverse action. *See Thomas v. Independence Twp.,* 463 F.3d 285, 296 (3d Cir. 2006).

Here, Defendants incorrectly argue that Plaintiff did not establish a causal link between Plaintiff's protected speech – filing a PHRC claim against the Defendant, City of Philadelphia – and the adverse action – refusing to promote the top two most qualified candidates, which included Plaintiff. *See generally* Defendants' Motion to Dismiss, Doc. 14, Pages 4-6 (of 7).[3]

---

[3] With the exception of *Cucci v. Kagel,* which is distinguished below, all of Defendants' cited cases were determined at the Motion for Summary Judgment stage *after* the plaintiff had the opportunity to take discovery. Here too, Plaintiff should be afforded the opportunity to take discovery in order to establish a record of Defendants' motivation and pattern of antagonism.

1.  **PLAINTIFF APPROPRIATEY PLED SUFFICIENT FACTS SUPPORTING A CAUSAL LINK BETWEEN PLAINTIFF'S PROTECTED ACTIVITY AND ADVERSE ACTION TO SUPPORT A CLAIM FOR FIRST AMENDMENT RETALIATION UNDER SECTION 1983.**

Plaintiff appropriately pled sufficient facts supporting a causal link between Plaintiff's protected activity and adverse action to support a claim for First Amendment Retaliation under Section 1983. *See Conard v. Pennsylvania State Police,* 16-3346, 2018 WL 4089592, at *4–5 (3d Cir. Aug. 28, 2018) (reversing an order granting a motion to dismiss, finding that the lower court erred in holding a causal link could not be established; "that conclusion was premature at the motion to dismiss stage."). In fact, a plaintiff sufficiently pleads her case at the motion to dismiss stage with respect to causation *if* she pleads that her "constitutionally protected conduct was a substantial or motivating factor" for the retaliatory conduct. *Id. citing Watson v. Rozum,* 834 F.3d 417, 422 (3d Cir.2016).

While "unusually suggestive" timing can provide evidence of causation, causation also can be shown "from the evidence gleaned from the record as a whole." *Conard*, 2018 WL 4089592, at *5. There is not a bright line rule limiting the length of time that may pass between a plaintiff's protected speech and an actionable retaliatory act by a defendant. *Id.*

Here, Plaintiff appropriately pled sufficient facts, particularly when applying the appropriate standard of review, supporting a causal link between Plaintiff's protected speech – filing a PHRC claim against the Defendant, City of Philadelphia – and the adverse action – refusing to promote the top two most qualified candidates, which included Plaintiff. *See Conard*, 2018 WL 4089592, at *4-5; *see also Watson,* 834 F.3d at 422. In particular, Defendant, Ross made it abundantly clear through his pled communications that he intended to promote individuals to the position of Chief Inspector, yet waited until immediately after the list with

Plaintiff expired to do so. *See* Pl. Oper. Compl., ¶¶ 12-25. Plaintiff specifically pled that Plaintiff's protected activity was the "substantial" and "motivating factor" of Defendant, Ross' actions. *See* Pl. Oper. Compl., ¶ 28. *See also Conard*, 2018 WL 4089592, at *5 (citing *Watson*, 834 F.3d at 422). As such, Plaintiff appropriately pled sufficient facts supporting a causal link between Plaintiff's protected activity and adverse action to support a claim for First Amendment Retaliation under Section 1983. *Id.* This Honorable Court should thus deny Defendants' Motion and allow Plaintiff to obtain discovery to further support the causal link.

### B. PLAINTIFF'S REQUEST TO AMEND IF NECESSARY.

To the extent this Honorable Court finds Plaintiff's Operative Complaint defective, Plaintiff respectfully requests leave to amend to "provide further specifics" concerning Defendants' pattern of antagonism. *See* FRCP 15(a)(2); *see also Adams*, 739 F.2d at 868-870 (reversing district court denial of motion to amend a complaint to assert a new legal theory).

### IV. CONCLUSION

For the foregoing reasons, Debra Frazier, respectfully requests this Honorable Court enter the attached Order denying Defendants, City of Philadelphia and Commissioner Richard Ross, Jr.'s Motion to Dismiss Plaintiff's First Amended Complaint. Or, in the alternative, grant Plaintiff leave to amend her complaint.

**WHEREFORE**, Plaintiff, Debra Frazier, respectfully requests this Honorable Court enter the attached Order denying Defendants, City of Philadelphia and Commissioner Richard Ross, Jr.'s Motion to Dismiss Plaintiff's First Amended Complaint.

| WEISBERG LAW | SCHAFKOPF LAW, LLC |
|---|---|
| */s/ Matthew B. Weisberg* | */s/ Gary Schafkopf* |
| Matthew B. Weisberg, Esquire | Gary Schafkopf, Esquire |
| L. Anthony DiJiacomo, III, Esquire | |

**MILDENBERG LAW FIRM**

_/s/ Brian R. Mildenberg_
Brian R. Mildenberg, Esquire                    *Attorneys for Plaintiff*

| | |
|---|---|
| **WEISBERG LAW**<br>Matthew B. Weisberg<br>Attorney Id. No.: 85570<br>L. Anthony DiJiacomo, III<br>Attorney Id. No.: 321356<br>7 South Morton Ave. 19070<br>Morton, PA<br>610-690-0801<br>Fax: 610-690-0880 | **SCHAFKOPF LAW, LLC**<br>Gary Schafkopf<br>Attorney Id. No.: 83362<br>11 Bala Ave<br>Bala Cynwyd, PA 19004<br>610-664-5200 Ext 104<br>Fax: 888-238-1334 |

**MILDENBERG LAW FIRM**
Brian R. Mildenberg
Attorney Id. No.: 84861
1735 Market Street, Ste. 3750
Philadelphia, PA 19103                                                  *Attorneys for Plaintiff*

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **STAFF INSPECTOR DEBRA FRAZIER** | : | |
| | : | |
| v. | : | CIVIL ACTION NO.: 18-3121 |
| | : | |
| **CITY OF PHILADELPHIA d/b/a** | : | HON. TIMOTHY J. SAVAGE |
| **THE PHILADELPHIA POLICE DEPT.**, | : | |
| et al. | : | |

### CERTIFICATE OF SERVICE

I, Matthew B. Weisberg, Esquire, hereby certify that on this 25th day of September, 2018, a true and correct copy of the foregoing Plaintiff's Response in Opposition to Defendants' Motion to Dismiss, and Plaintiff's Memorandum of Law in support thereof was served via ECF upon all counsel of record.

                                                                                             **WEISBERG LAW**

                                                  */s/ Matthew B. Weisberg*
                                                  Matthew B. Weisberg, Esquire
                                                  L. Anthony DiJiacomo, III, Esquire
                                                  *Attorneys for Plaintiff*